# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LARRY MURPHY,

                Plaintiff,

                                              CASE NO. 07-CV-10774
v.                                           HONORABLE LAWRENCE P. ZATKOFF

DR. DARRELL L. BRADY, et al.,

                Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT
## AND DENYING APPLICATION FOR APPOINTMENT OF COUNSEL

I.

The Court has before it Plaintiff Larry Murphy's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and his application for appointment of counsel. This Court has granted his application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner confined at the Parr Highway Correctional Facility in Adrian, Michigan. In his complaint, Plaintiff alleges that he has not been provided adequate medication for his pain and depression. Plaintiff names Dr. Darrell Brady, the Michigan Department of Corrections ("MDOC"), Correctional Medical Services Director Craig Hutchinson, Warden Kenneth Romanowski, Assistant Warden Virgil Webb, psychiatrists Dr. Behremann and Jim Dickson, Chief Medical Officer George Pramstaller, grievance preparer N. Martin, Manager of Prison Affairs Jim Armstrong, Regional Health Administrator Jan Epp, and Regional Prison Administrator Barbara Bock as defendants in this action. Plaintiff seeks proper medication, monetary damages, and other appropriate relief.

1

Having reviewed Plaintiff's complaint and attached documents, the Court dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also denies the application for appointment of counsel.

II.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

III.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal.

Plaintiff alleges that defendant Brady (and presumably defendants Behremann and Dickson) have failed to provide him adequate medication for pain and depression. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *See Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Plaintiff, however, has made no such showing. Plaintiff alleges no facts to show that the defendants acted with deliberate indifference or intentionally acted to cause him injury or pain with respect to his medical treatment. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987). The documents attached to the complaint reveal that Plaintiff has been evaluated, undergone testing, and received treatment for his medical and psychiatric concerns. While Plaintiff may disagree with the course of treatment provided, he has not alleged facts to show that the defendants have acted unconstitutionally.

Furthermore, it is well-settled that claims of negligence concerning a prisoner's medical treatment, *i.e.* medical malpractice, are not cognizable in a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994). Any allegation that the defendants have been grossly negligent also fails to state

a claim under §1983. The United States Court of Appeals for the Sixth Circuit has held that "gross negligence is not actionable under §1983 because it is not arbitrary in the constitutional sense." *Lewellen*, 34 F.3d at 351. Plaintiff has thus failed to state a claim for relief under § 1983 and his complaint must be dismissed.

Additionally, it is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Hutchinson, Romanowski, Webb, Pramstaller, Martin, Armstrong, Epp, and Bock. The mere fact that those defendants have supervisory authority over other defendants or allegedly failed to properly investigate or respond to Plaintiff's grievances is insufficient to state a claim upon which relief may be granted.

Lastly, Plaintiff's claim for damages against the defendants in their official capacities and against the MDOC is subject to dismissal on the basis of immunity. The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989). "'[A] suit in federal court by private parties seeking to impose a liability which must

4

be paid from public funds in the state treasury is barred by the Eleventh Amendment.' This bar against suit also extends to state officials acting in their official capacities." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (citations omitted). The Sixth Circuit has expressly held that the MDOC is immune from suit for monetary damages under the Eleventh Amendment. *See Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, *2 (6th Cir. Nov. 1, 2000) (unpublished); *Ritchie v. Michigan Dept. of Corr.*, 826 F.2d 1065, 1987 WL 38524, *1 (6th Cir. 1987) (unpublished). Plaintiff's claims for monetary damages against the defendants in their official capacities and against the MDOC must therefore be dismissed.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim against the defendants upon which relief may be granted under 42 U.S.C. § 1983 and that defendants in their official capacities and the MDOC are immune from suit on Plaintiff's claim for monetary damages. Accordingly, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b)(1).

Given this determination, the Court also **DENIES** Plaintiff's application for appointment of counsel.

Lastly, the Court finds that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 2, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290